IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERARDO REYNA-SALGADO,               )
                                     )
                  Petitioner,        )
                                     )
        v.                           )        Case No. 25-3172-JWL
                                     )
KRISTI NOEM, Secretary,              )
    Department of Homeland Security; )
PETE R. FLORES, Commissioner,        )
    U.S. Customs and Border Protection; )
RICARDO WONG, Field Office Director, )
    ICE ERO Chicago; and             )
C. CARTER, Warden, FCI-Leavenworth,  )
                                     )
                  Respondents.       )
                                     )
_____)

## <u>MEMORANDUM AND ORDER</u>

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his continued detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

In December 2024, after a state-court conviction for domestic battery, petitioner was taken into custody by immigration officials; and on February 21, 2025, the immigration court granted petitioner's request for withholding of removal to his home country of Mexico. Petitioner is presently in custody within this judicial district. Petitioner filed a previous habeas petition seeking his release, and by Memorandum and Order of August 11, 2025, the Court denied the petition on the basis that petitioner's detention remained presumptively reasonable because six months had not passed since his removal order. *See*

*Reyna-Salgado v. Noem*, 2025 WL 2550346 (D. Kan. Aug. 11, 2025) (Lungstrum, J.). The Court noted that if his continued detention became unreasonable under the applicable standard, petitioner could file a new petition. *See id.* at *1 n.3. On August 26, 2025, petitioner filed the instant petition. Respondents filed an answer to the petition, petitioner filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). In this case, the removal period began on March 23, 2025, when petitioner's order of withholding became administratively final after neither side filed an appeal within 30 days. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(c).[1] Specifically, petitioner claims that because six months have now elapsed since the beginning of the removal period, his detention has

---

[1] In the previous case filed by petitioner, respondents did not dispute petitioner's assertion that the removal order became final on February 21, 2025, and the Court therefore applied that date in determining that the requisite six months had not passed. *See Reyna-Salgado*, 2025 WL 2550346, at *1 & n.1. In fact, pursuant to the authorities cited above, petitioner's removal period did not begin until March 23, 2025, after the running of the appeal period.

become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .

> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Applying this framework, the Court concludes that petitioner has not met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. The mere fact that the requisite six months have now elapsed is not sufficient to meet that burden. *See Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months."). Moreover, petitioner does not contend that officials have made no efforts to remove him to a third country; to the contrary, petitioner concedes in the petition that officials have made attempts to remove him to three alternative countries. In light of those efforts and the fact that petitioner's detention has lasted only slightly longer than six months since the beginning of the removal period, the Court cannot find that petitioner's detention has become unreasonably indefinite. The Court therefore denies the petition.

4

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge